UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KEVIN SWEET** | * | **CIVIL ACTION: 23-cv-0637** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND** | * | **MAGISTRATE JUDGE:** |
| **CASUALTY COMPANY** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

Defendant State Farm Fire and Casualty Company appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 4th Judicial District Court, Parish of Ouachita, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

**1.**

Plaintiff Kevin Sweet filed a "*Petition for Damages*" in the 4th Judicial District Court, Parish of Ouachita, for the State of Louisiana, against State Farm Fire and Casualty Company, ("State Farm") on March 31, 2023. The case was captioned "*Kevin Sweet versus State Farm Fire and Casualty Company*" Docket No. C-20231167 (*See* Exh. A State Court Record Bates Stamped Pages 3 to 12, Petition for Damages P. 4 to 8; Notice of Service on State Farm through the La. Secretary of State on April 12, 2023, Exhibit A P. 3; Mailing of Petition by Secretary of State to State Farm through its agent, Corporation Service Company, on April 13, 2023, Receipt by Corporation Service Company of Petition from La. Secretary of State on April 14, 2023 attached hereto and marked for identification as Exhibit "A", in globo.). State Farm was served through its statutory agent, the Louisiana Secretary of State, on April 12, 2023, which forwarded the petition

to State Farm's agent Corporation Service Company on April 13, 2023, with Corporation Service Company receiving the petition on April 14, 2023. (*Id*.).

2.

Plaintiff brings this lawsuit against State Farm in its capacity as his homeowner's insurer for their property located at 1106 Riverside Drive, Monroe, LA 71201 (hereinafter referred to as "Insured Property"). (See Exh. A. at p. 4-5 Petition ¶2,5). Plaintiff asserts that State Farm owes him amounts under his homeowner's policy for damage to the insured's property resulting from an alleged hailstorm. (*Id*. at p. 5-7 ¶6-9, 14, 16). On April 9, 2021, Plaintiff contends that his property was damaged by a hailstorm. (*Id*. at ¶6.) Plaintiff alleges that he has suffered damage to his property, and State Farm has failed to compensate him appropriately. (*Id*. at p. 6. ¶14.) As detailed below, Plaintiffs' claims for damages and for statutory penalties, attorney fees and other damages listed in the Petition for Damages far exceed the sum or value of $75,000, exclusive of interest and costs.

3.

State Farm removes this action from the 4th Judicial Court, Parish of Ouachita, to the United States District Court for the Western District of Louisiana, Monroe Division, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS ALL PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

**5.**

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

**6.**

Plaintiffs' Petition asserts that he provided State Farm with "proof of loss totaling $77,280.29 on March 9, 2023." (See Exh. A. at p. 5 Petition ¶13). Plaintiff alleges he has sustained the following damages: diminution in value of the property, underpayment or delayed payment of covered damages, actual repair costs, temporary repair costs, loss of use, additional living expenses, mental anguish, penalties, attorney's fees, litigation costs, legal interest, court courts and damages shown through discovery or trial. (*Id.* at p. 5 Petition ¶16). Though the Plaintiff does not plead an exact calculation of his damages, his proof of loss assertion alone proves that the amount in controversy exceeds $75,000. Moreover, his claim could be even larger when the other damages he claims (penalties, fees, mental anguish, etc.) are decided. Thus, it is facially apparent from the Plaintiff's petition that the amount in controversy exceeds $75,000.

**7.**

Further, the Plaintiff pleads "the good faith amount in dispute exceeds $75,000, exclusive of interest and costs." (See Exh. A. at p. 7 Petition ¶17). Without acknowledgment of the analysis above, the Plaintiff's own admission is conclusive that the amount in controversy exceeds $75,000 exclusive of interests and costs.

8.

While State Farm again admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal and the Plaintiff's Petition that the matter in controversy exceeds $75,000. State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

10.

Plaintiff is a citizen of Louisiana who resides and is domiciled in Ouachita Parish. (Exh. A Petition). State Farm is a foreign corporation duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois and is a citizen of the State of Illinois. There is complete diversity amongst all parties.

11.

This is a civil action over which the United States District Court for the Western District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

III. **STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

12.

State Farm was served with the Petition for Damages through its statutory agent for service of process, the Louisiana Secretary of State, on April 12, 2023 (Exhibit A at p.3, Service Copy Return on Citation). The Secretary of State forwarded the Petition to Corporation Service Company by certified mail on April 13, 2023 which was received by Corporation Service Company on April 14,

2023. (*See* Exhibit B, Letter from Secretary of State dated April 13, 2023 *Id*. at p. 2, Mailing Envelope, *Id.* at p. 13; Service of Process Return on Louisiana Secretary of State dated April 12, 2023 *Id*. at p. 3, Notice of Service of Process Transmittal form from Corporation Service Company dated April 14, 2023, *Id.* at p. 1).

"[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process).

**13.**

This Notice of Removal is filed within 30 days of service of the petition on State Farm through its agent for service of process, Corporation Service Company.

**14.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of a state and a citizen or subject of a foreign state.

**15.**

The 4th Judicial District Court, Parish of East Ouachita, State of Louisiana, is located within the Western District of Louisiana pursuant to 28 U.S.C. § 98(c). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**16.**

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date are attached hereto as Exhibit A, Bates Stamped Exhibit A State Court Record Pages 4 to 6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and the Clerk of Court for the 4th Judicial District Court, Parish of Ouachita, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

**IV.  CONCLUSION**

**17.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Western District of Louisiana.

**18.**

State Farm reserves the right to supplement or amend this Notice of Removal.

**19.**

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

**20.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Kellye R. Grinton*
**KELLYE R. GRINTON ( #34738)**
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH (#33060)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
kgrinton@phjlaw.com
cchassaignac@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com

*Attorneys for State Farm Fire and Casualty Company*

**CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that on this 12th day of May, 2023, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiff Kevin Sweet**
Counsel for Plaintiff - *via email*
Myles D. Ranier
C. Barrett Rice
Jennifer A. David
BROUSSARD WILLIAMS
 321 Veterans Memorial Boulevard
Suite 205
Metairie, LA 70005
 (504) 264-5559
myles@bwtriallawyers.com

barrett@bwtriallawyers.com
jen@bwtriallawyers.com

**Ouachita Parish Clerk of Court –** *via e-filing*
4th Judicial District Notice
300 St. John Street
Monroe, LA 71201

*/s/ Kellye R. Grinton*